UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-83-PEP


DEBORA A. HALL,                                          PLAINTIFF,


V.                    **MEMORANDUM OPINION**
                      **AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                         DEFENDANT.



## I.  INTRODUCTION

Plaintiff, Debora A. Hall, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant

Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a period of disability, disability insurance benefits, and supplemental security income on September 30, 2002.[1]  (Tr. 73-77, 519-523.)  The claim was denied initially and on reconsideration.  (Tr. 51-55, 57-59, 525-529, 531-533.)  At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge R. Neely Owen (hereinafter "ALJ Owen"), was conducted on April 15, 2004.  (Tr. 534-560.)  Plaintiff, accompanied by her attorney, testified at the hearing.  (Id.)  Also testifying was vocational expert Gina Baldwin (hereinafter "VE").  (Id.)  On October 16, 2004, ALJ Owen found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.  (Tr. 13-23.)   The Appeals Council declined to review ALJ Owen's decision (Tr. 6-8) and Plaintiff now seeks judicial review.

Plaintiff was forty-five years old at the time of the hearing decision.  (Tr. 21.)  Plaintiff graduated high school and her past relevant work experience consists of

---

[1] Plaintiff filed one prior application on November 28, 2000.  (Tr. 28.)  That application was denied initially and on reconsideration.  On September 10, 2002, Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ Chwalibog") found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income. (Tr. 25-36.)  On August 12, 2004, ALJ Chwalibog's decision was affirmed by the United States District Court.  Hall v. Barnhart, No. 03-277-DLB (E.D. Ky. Aug. 12, 2004).

2

employment as a licensed practical nurse.  (Tr. 21, 179, 544.)  At the outset, ALJ

Owen found that Plaintiff met the disability insured status requirement for a period of

disability and disability insurance benefits under the Social Security Act, see generally

20 C.F.R. §§ 404.130-404.132, and was insured for benefits through October 14,

2004.  (Tr. 22.)  At the first step of the sequential evaluation process, see generally 20

C.F.R. §§ 404.1520, 416.920, ALJ Owen found that Plaintiff had not engaged in

substantial gainful activity since November 17, 1999, the alleged onset date of

disability.    (Tr. 22.)    At the second step, ALJ Owen found that Plaintiff's

gastroesophageal reflux disease, non-insulin dependent diabetes mellitus,

hypertension, irritable bowel syndrom, chronic mechanical back syndrom,

hyperlipidemia, depression, and anxiety were severe impairments within the meaning

of the Regulations, see 20 C.F.R. §§ 404.1520(c), 416.920(c).  (Tr. 22.)  At the third

step, ALJ Owen found that Plaintiff's medically determinable impairments did not

meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt.

404, subpt. P, app. 1.  (Tr. 22.)  At the fourth step, ALJ Owen found that Plaintiff was

unable to perform any of her past relevant work.  (Id.)

    At the fifth and final step, relying on the testimony of the VE and taking into

consideration the Plaintiff's age, educational background, past relevant work

experience, and residual functional capacity (hereinafter "RFC")[2], ALJ Owen found that Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3]  (Tr. 21-23.)  Accordingly, ALJ Owen found Plaintiff not to be disabled at step five of the sequential evaluation process.  See 20 C.F.R. §§ 404.1520(g), 416.920(g).  The Appeals Council denied Plaintiff's request for review and adopted ALJ Owen's decision as the final decision of the Commissioner on February 22, 2005.  (Tr. 6-8.)  Plaintiff thereafter filed this action.  By virtue of the parties' stipulations of consent (Record Nos. 3 and 7), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 13), which are now ripe for review.

## III. ANALYSIS

### A.  General Standard of Review

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).

[3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that Plaintiff is capable of making an adjustment to work found in significant numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  In the instant case, at the light exertional level, the VE identified gate guard (150,000 jobs nationally and 8,000 jobs in the region of Kentucky, Ohio, and West Virginia) and product inspector (919,000 nationally and 20,000 regionally) as jobs existing in significant numbers in the national economy that a person of Plaintiff's age, educational background, past work experience, and assumed limitations could perform.  (Tr. 557.)

4

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461

U.S. 957 (1983); <u>Studaway v. Sec'y of Health & Human Servs.</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  <u>Bradley v. Sec'y of Health & Human Servs.</u>, 862 F.2d 1224, 1228 (6th Cir. 1988) (citing <u>Gaffney v. Bowen</u>, 825 F.2d 98, 100 (6th Cir.1987)).

B.  Plaintiff's Contentions on Appeal

Plaintiff offers two claims of error on appeal.  First, Plaintiff argues that ALJ Owen erred in failing to recontact Dr. King, Plaintiff's treating physician, as required by 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  Secondly, Plaintiff argues that ALJ Owen's decision was contrary to the principle of res judicata as applied in the Social Security disability context in <u>Drummond v. Comm'r of Soc. Sec.</u>, 126 F.3d 837 (6th Cir. 1997).

C. Analysis of Contentions on Appeal

1. Recontacting a Treating Source

Plaintiff's first claim of error is that ALJ Owen should have recontacted Plaintiff's treating physician to inquire into the availability of additional information.  On April 12, 2004, Dr. King, Plaintiff's treating physician, completed a medical source statement of Plaintiff's ability to perform work-related activities.  (Tr. 505-508.)  Dr. King reported the following limitations: Plaintiff could lift and/or carry no

6

more than twenty pounds occasionally and no more than ten pounds frequently;

Plaintiff could walk and/or stand for at least two hours and sit less than six hours in

an eight hour workday; Plaintiff's lower extremities were limited in the ability to push

and/or pull; Plaintiff could never climb, and she could only occasionally balance,

kneel, crouch, crawl, or stoop; Plaintiff was manipulatively limited in reaching,

handling, and fingering; and environmentally, Plaintiff was limited in the ability to be

exposed to temperature extremes, vibration, humidity, wetness, and hazards such as

machinery and heights.  (Id.)

In discussing Dr. King's report, ALJ Owen noted that the lifting and carrying

limitations identified by Dr. King were consistent with the State agency medical

consultant's assessment that Plaintiff was limited to light exertional work.[4]  (Tr. 19.)

However, with regard to the additional limitations identified by Dr. King, ALJ Owen

concluded that their probative value was diminished because of the absence of

objective findings or underlying rationale.[5]  (Id.)  Plaintiff argues that rather than

diminish the probative value of Dr. King's opinion, ALJ Owen should have contacted

---

[4] Light work is defined as work that involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds.  20 C.F.R. §§ 404.1567(b), 416.957(b).

[5] Under the Regulations, it is appropriate for the ALJ to search for support in objective findings and consider the adequacy of the explanation the treating physician provides in support of the opinion.  See 20 C.F.R. §§ 404.1527(d), 416.927(d).

Dr. King to inquire into the availability of objective findings or underlying rationales.

With regard to an ALJ's obligation to recontact a claimant's treating physician,

the Regulations provide:

> When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (emphasis added). Although the Sixth

Circuit has yet to delineate the exact nature of an ALJ's obligation to recontact a

treating source under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)[6], the consensus from

decisions in our sister circuits is that in order for a claimant to obtain a remand on the

---

[6] In Persell v. Sec'y of Health & Human Servs., a Sixth Circuit decision, the claimant sought a remand on the basis of the ALJ's failure to recontact under 20 C.F.R. § 404.1512(e)(1). 1994 U.S. App. LEXIS 26840 at *9-10 (6th Cir. Sept. 21, 1994). However, the argument was summarily rejected because the portion of the Regulation relating to the duty to recontact was promulgated by amendment to the Regulation six months after the administrative decision. Id. Other than reciting some of the language in the Regulation, the Persell decision does not establish an exact showing that a claimant must make in order to obtain a remand for a failure to recontact under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

basis of a failure to recontact, it must be demonstrated that: (1) the treating physician's records are inconclusive or otherwise inadequate to make a disability determination; (2) considered in its entirety, the medical evidence in the record is insufficiently developed; and (3) failure to recontact the physician resulted in prejudice to the claimant.  See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Gallegos v. Barnhart, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); Newton v. Apfel, 209 F.3d 448, 453, 458 (5th Cir. 2000); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002); Garcia v. Barnhart, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (E.D. Pa. Sept. 6, 2005); Washington v. Barnhart, 2005 U.S. Dist. LEXIS 4835 at *19-20 (E.D. Pa. Mar. 25, 2005); Pearson v. Barnhart, 2005 U.S. App. LEXIS 11354 at *14 (E.D. Tex. May 23, 2005); Kindle v. Barnhart, 2005 U.S. Dist. LEXIS 3797 at *19-21 (E.D. Tex. Jan. 24, 2005); Bodin v. Barnhart, 2004 U.S. Dist. LEXIS 27384 at *13, 17 (E.D. Tex. Aug. 11, 2004); Frost v. Barnhart, 2004 U.S. Dist. LEXIS 8062 at *35-36 (D. Me. May 7, 2004); Reed v. Apfel, 1999 U.S. Dist. LEXIS 18432 at *44-45 (S.D. Ala. Oct. 28, 1999).  Where courts have issued  remands on the basis of an ALJ's failure to recontact a treating physician, the medical evidence in the record was manifestly incomplete or the medical report was itself inconclusive.  See Newton, 209 F.3d at 458 (ALJ faced with an incomplete medical history); Robinson v. Barnhart, 248 F. Supp. 2d 607, 628 (S.D. Tex. 2003) (treating physician's numerous handwritten

progress notes were difficult to read).[7]

In the instant case, Plaintiff must first demonstrate that Dr. King's report was inconclusive or otherwise inadequate to make a disability determination. Simple rejection of the opinion by the ALJ is insufficient because "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives from the claimant's treating physician that triggers the duty." White, 287 F.3d at 908 (internal quotations and signals of alterations omitted). Differently put, "[t]he duty to [recontact] is triggered when the evidence is insufficient to make an *informed* determination, not when the evidence is insufficient to make a *favorable* determination." Pearson, 2005 U.S. App. LEXIS 11354 at *14 (emphasis in original).

In the instant case, ALJ Owen did not detract weight from Dr. King's report because it was inconclusive or inadequate. Rather, ALJ Owen found that the opinion

_____

[7] A few courts have expanded the applicability of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) to include situations where the ALJ rejects the opinion of a treating physician because of internal inconsistencies or a lack of objective findings. See McDonald v. Barnhart, 1998 U.S. Dist. LEXIS 4783 at *19 (N.D. Tex. Mar. 31, 1998); Cleveland v. Apfel, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000); Corey v. Barnhart, 2002 U.S. Dist. LEXIS 7146 at *15-16 (S.D. Ind. Mar. 14, 2002). These cases, however, are in the minority and inconsistent with the plain language of the Regulation. It is true that the Regulation provides that the treating source will be contacted if the report contains a conflict, ambiguity, or lacks support from objective findings. However, the requirement for additional information is triggered only when the evidence is inadequate to make a determination regarding the claimant's disability. See 20 C.F.R. §§ 404.912(e)(1), 416.912(e)(1); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Gallegos v. Barnhart, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

deserved diminished probative value because of the absence of objective findings or underlying rationale.  (Tr. 19.)  Plaintiff does not argue that ALJ Owen could not have made an informed disability determination on the basis of Dr. King's report.

Essentially, Plaintiff's argument is that where an ALJ decides to detract weight from a treating source opinion because of some deficiency in that opinion, the ALJ must attempt to cure the deficiency by recontacting the treating source. That, however, is not the standard.  The plain language of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) and the bulk of the case law interpreting the Regulation indicate that the duty to recontact is triggered only when the report from the treating physician is inadequate to the point of rendering an informed disability determination on the basis of that report impossible.[8]  See Thomas, 278 F.3d at 958 (holding that absent a finding that the evidence from the treating source is inadequate to make a disability determination, disagreement with or discrediting of a treating physician's report is insufficient to

---

[8] Also damaging to Plaintiff's position is the fact that the Regulations govern an ALJ's treatment of treating source opinions.  Based on certain factors, an ALJ is directed to add or diminish the amount of weight afforded to such opinions.  Two of these factors are the extent to which the opinion provides relevant evidence in support of the opinion, particularly medical signs and laboratory findings, and the extent to which the treating sources provide adequate explanation for the opinion.  See 20 C.F.R. §§ 404.1527(d), 416.927(d).  Thus, by detracting weight from Dr. King's opinion because of the absence of objective findings or underlying rationale, ALJ Owen was simply adhering to the dictates of 20 C.F.R. §§ 404.1527(d), 416.927(d).  It would be somewhat nonsensical for the Regulations on the one hand to direct an ALJ to consider lack of objective medical findings or lack of adequate explanation in determining the amount of weight to attach to a particular opinion, and on the other hand to require an ALJ to recontact the treating physician for clarification whenever the conditions for attaching lesser weight are satisfied.

11

trigger the obligation to recontact); <u>Garcia</u>, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (holding that obligation to recontact was not triggered when the ALJ discounted a report from a treating source because of internal inconsistencies).  Plaintiff does not argue that an informed determination could not have been made on the basis of Dr. King's report.  In fact, Dr. King's report closely resembles State agency medical consultants' physical RFC assessments, reports that ALJs regularly rely upon in making disability determinations.

Secondly, even if Plaintiff could demonstrate that Dr. King's report was inconclusive or otherwise inadequate to make an informed disability determination, Plaintiff fails to argue that the record is otherwise insufficiently developed.  As indicated above, decisions from our sister circuits have held that in order for a claimant to obtain a remand on the basis of an ALJ's failure to recontact under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1), it must be demonstrated that the administrative record is insufficiently developed for the purposes of rendering a disability determination.  See <u>Gallegos</u>, 2003 U.S. App. LEXIS 21674 at *3 (finding no obligation to seek clarification regarding possible inconsistencies where sufficient evidence existed in the record to make a determination regarding disability); <u>Newton</u>, 209 F.3d 448 at 453 (holding that the existence of other medical opinions in the record that are based on personal examination or treatment of the claimant eliminates the

12

obligation to recontact); <u>Bodin</u>, 2004 U.S. Dist. LEXIS 27384 at *13 (the threshold question of whether the existing evidentiary record was inadequate for making an informed disability determination was answered in the negative where the record contained voluminous medical evidence spanning several years); <u>Frost</u>, 2004 U.S. Dist. LEXIS 8062 at *35-36 (holding that the duty to recontact was not triggered where an adequate record existed by which the ALJ could decide the case).  This interpretation is consistent with Social Security Ruling 96-2p, which provides that "[o]rdinarily, development should not be undertaken for the purposes of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise sufficiently developed."  SSR No. 96-2p, 1996 SSR LEXIS 9, *10-11 (Soc. Sec. Admin. 1996).[9]

In this case, Plaintiff does not argue that the medical evidence in the record was inadequate for the purposes of rendering a disability determination.  The record here is in fact quite ample as it contains medical reports from four different hospitals, physical therapy records, psychiatric treatment records, two consultative examination reports, two psychiatric reviews, and two mental and physical RFC assessments

---

[9] Unlike Statutes and Regulations, Social Security rulings do not have the force or effect of law.  <u>Heckler v. Edwards</u>, 465 U.S. 870, 874 (1984); <u>Garcia v. Sec'y of Health & Human Servs.</u>, 46 F.3d 552, 557 (6th Cir. 1995).  However, Social Security Rulings are the Agency's official interpretation of the Regulations and are, therefore, entitled to substantial deference unless plainly erroneous or inconsistent with the Regulations.  <u>See Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541, 549 (6th Cir. 2004).

completed by State agency consultants, all covering a period of more than seven years. (Tr. 185-518.)

Lastly, Plaintiff fails to allege any prejudice. Remand is appropriate only where a claimant demonstrates prejudice from an ALJ's failure to recontact the treating source and request additional information. See Newton, 209 F.3d 448 at 458; Pearson, 2005 U.S. App. LEXIS 11354 at *15; Reed, 1999 U.S. Dist. LEXIS 18432 at *44. Plaintiff has not proffered evidence that would have been produced had ALJ Owen recontacted Dr. King. In the absence of such proffer, this Court cannot determine whether the failure to recontact Dr. King, even if in violation of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1), resulted in prejudice to Plaintiff.

In sum, Plaintiff does not argue that Dr. King's report was inconclusive or otherwise inadequate to make a disability determination. Nor does Plaintiff argue that the record was insufficiently developed. Additionally, Plaintiff does not suggest that there is any evidence that could have altered the adverse administrative decision and that would have been produced had ALJ Owen recontacted Dr. King. Therefore, in this case, ALJ Owen's obligation to recontact the treating source under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) was not triggered.

### 2. Drummond

Plaintiff's second claim of error is that ALJ Owen's decision failed to comply

14

with Drummond, 126 F.3d 837.  In Drummond, the Sixth Circuit held that in the context of Social Security disability claims, principles of res judicata and collateral estoppel bind both the claimant and the Commissioner.  Id. at 842.  The specific issue in Drummond was whether an initial ALJ determination had any binding effect on findings reached by an ALJ in a subsequent and separate disability claim.  Id. at 840. Answering the question in the affirmative, the Court held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."  Id. at 842.

In the instant case, Plaintiff filed one prior disability application on November 28, 2000.  (Tr. 28.)  That application was denied initially and on reconsideration.  On September 10, 2002, Administrative Law Judge Andrew J. Chwalibog (hereinafter "ALJ Chwalibog") found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.[10]  (Tr. 25-36.)  In his decision, ALJ Chwalibog assessed the following RFC:

---

[10] Defendant Commissioner offers a technical basis for affirming the ALJ's decision: Drummond is applicable to final decisions only.  126 F.3d at 842.  The Regulations provide that the decision of an ALJ is not binding on the parties if the Appeals Council denies the claimant's request for review and the claimant seeks judicial review by filing an action in Federal District Court.  20 C.F.R. §§ 404.955, 416.1455.  Because on April 15, 2004, the date of the administrative hearing, Plaintiff's appeal of the denial of her first disability claim was still pending in the District Court, the previous ALJ decision was not final for purposes of Drummond.  This argument focuses on the wrong date.  Although the appeal was still pending the date of the administrative hearing, the United States District Court affirmed ALJ Chwalibog's decision on August 12, 2004, more than two months before the issuance of the current administrative decision.  Hall v. Barnhart, No. 03-277-DLB (E.D. Ky. Aug. 12, 2004).

[Plaintiff] retains the [RFC] to perform the exertional demands of medium work, or work which requires maximum lifting of 50 pounds and frequent lifting of 25 pounds. [Plaintiff] should only occasionally climb, balance, keel, crouch, crawl and stoop; and should perform no aerobic type activity. [Plaintiff] is moderately limited in her ability to: maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them; interact appropriately with the general public; and respond appropriately to changes in the work setting.

(Tr. 35.)  In the current decision, ALJ Owen assessed the following RFC:

[Plaintiff] has the [RFC] for light work limited to frequent climbing [of] ramps and stairs, occasional use of ladders, ropes, and scaffolds, occasional crawling; and essentially no exposure to hazardous machinery and unprotected heights with further accommodation for mental impairments imposing moderate limitations on [Plaintiff's] ability to manage detailed instructions, maintain attention and concentration, interact with the general public, and respond to changes in the work setting.

(Tr. 22.)  Contrasting the two RFC assessments, while ALJ Chwalibog found in the previous decision that Plaintiff retained the RFC for medium work, ALJ Owen in the current decision limited Plaintiff to the more work prohibitive light level of exertion. Thus, with respect to exertional limitations, ALJ Owen's alteration of ALJ Chwalibog's previous RFC assessment did not prejudice Plaintiff.  ALJ Owen did not enhance Plaintiff's capacity to perform work related activities.[11]  This case is therefore inapposite to Drummond.  See Lyons v. Soc. Sec. Admin., 2001 U.S. App. LEXIS

---

[11] In fact, ALJ Owen's RFC assessment went further in restricting Plaintiff's ability to perform work related activities.

20516 at *22 (6th Cir. Sept. 13, 2001).

Plaintiff is correct in asserting that there exists some differences in the two RFC assessments in addition to the variation in exertional limitation.[12]  However, in light of the fact that ALJ Owen's RFC assessment is more exertionally restrictive, these differences are not sufficiently significant to warrant reversal of ALJ Owen's decision. In the cases reversing an ALJ's decision on the basis of res judicata, the variation between the administrative decisions related to an enhancement in a claimant's exertional capabilities or a change in vocational factors, not to minor restrictions or variations in wording having no real effect on the substance of the RFC.  See Drummond, 126 F.3d at 838-839 (RFC enhanced from sedentary work to medium work); Crow v. Comm'r of Soc. Sec., 1998 U.S. Dist. LEXIS 16789 at *14 (W.D. Mich. Sept. 22, 1998) (RFC enhanced from sedentary work to light work); Jackson v. Apfel, 74 F. Supp. 2d 698, 700 (E.D. Mich. 1999) (contrary to a finding in a previous ALJ decision, subsequent ALJ found that claimant had transferable skills); see also Gallart v. Apfel, 2000 U.S. Dist. LEXIS 8487 at *2-3 (M.D. Fla. June 13, 2000) (RFC enhanced from sedentary work to light work).

_____

[12] There are three appreciable differences between ALJ Chwalibog's previous RFC assessment and ALJ Owen's RFC assessment in the current decision.  First, ALJ Owen did not find that Plaintiff should not engage in aerobic type activities.  Second, ALJ Owen did not find that Plaintiff was moderately limited in the ability to work in coordination with or proximity to others without being distracted by them.  Third, ALJ Owen did not find that Plaintiff was limited to only occasional climbing, balancing, keeling, crouching, and stooping.

Furthermore, even if ALJ Owen's departure from the previous RFC assessment was in violation of <u>Drummond</u>, this Court finds that such error was harmless. Where an ALJ commits error, a remand is not necessary if it is unlikely to produce a different result. As stated by the Supreme Court, where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game." <u>NLRB v. Wyman-Gordon Co.</u>, 394 U.S. 759, 766 n. 6 (1969); <u>see also</u> <u>Kobetic v. Comm'r of Soc. Sec.</u>, 2004 U.S. App. LEXIS 23112 at *6 (6th Cir. Nov. 4, 2004) (refusing to remand where claimant could not establish that sending the case back to the ALJ would serve any useful purpose and could not establish that the ALJ's res judicata ruling was anything but harmless error"); <u>Krauss v. Comm'r of Soc. Sec.</u>, 2002 U.S. App. LEXIS 12863 at *4 (6th Cir. June 26, 2002) (ALJ's failure to ask the VE the number of jobs that claimant could perform was harmless error where the VE stated that claimant could perform sedentary and light clerical jobs and the Dictionary of Occupational Titles contained over five hundred different occupational titles in the clerical field describing thousands of jobs in the labor market).

In the instant case, even if the ALJ failure to precisely adhere to the previous RFC assessment was error, Plaintiff cannot establish that it was more than harmless error. In response to the ALJ's hypothetical question, the VE identified gate guard and product inspector as jobs in the light work classification existing in significant

18

numbers in the national economy that a person of Plaintiff's age, educational background, past work experience, and assumed limitations could perform. (Tr. 557.) Even if ALJ's Chwalibog's prior RFC assessment was adopted verbatim, it most likely would not have altered the VE's Testimony. The limitations on aerobic activity, frequent postural activity, and ability to work in coordination with others without distraction would not affect Plaintiff's ability to perform the jobs identified by the VE. This is true at least with respect to product inspector, if not gate guard. In fact, had ALJ Chwalibog's previous RFC assessment been adopted verbatim, it would have likely enlarged the occupational titles and quantity of jobs in the national economy that Plaintiff could perform as ALJ Chwalibog assessed that Plaintiff was capable of performing medium work.

In summary, in light of the fact that ALJ Owen's RFC assessment was more exertionally restrictive than the previous RFC assessment, the minor discrepancies in the two RFC assessments are insufficient to require remand under Drummond. Also, even if ALJ Owen's departure from the previous RFC assessment was error, Plaintiff cannot establish that it was more than harmless error.

## IV. CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922;

see also Jones, 945 F.2d at 1368-69.  In the instant case, substantial evidence exists in the record to support the ALJ's finding that Plaintiff was not disabled.  ALJ Owen's obligation to recontact the treating source under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) was not triggered.  Nor did ALJ Owen impermissibly depart from a previous RFC assessment in violation of Drummond.

Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)    The Defendant Commissioner's motion for summary judgment (Record No. 13) is hereby GRANTED.

(2)    Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3)    Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the court's docket.

Signed December 15, 2005.



Signed By:

**_Peggy E. Patterson_** ρεϸ

**United States Magistrate Judge**

Date of Entry and Service: